<div align="right">TUSCARAWAS.<br>June, 1816.<br><br>Crider<br><i>v.</i><br>Hammel.</div>

---

## CRIDER vs. HAMMEL.

CAPIAS, RETURNABLE TO THE COURT OF COMMON PLEAS, NOW SITTING, ETC.

---

A *capias ad respondendum* may issue in term time, returnable forthwith.

MOTION to quash the writ, *quia improvide emanavit.*

CULBERTSON, in support of the motion, cited and relied on the stat. 8th vol. 277, 279, that no capias ad respondendum, can be issued in term time, returnable at the same term.

WRIGHT, contra.—The practice has been to issue such writs, and no general principle, or particular provision of the law, is against it.

PRESIDENT.—The words of the statute are, that "in case where the plaintiff is entitled to special bail as a matter of course, the first process shall be a capias ad respondendum, and shall be executed as hereafter directed." Neither in this part of the statute, nor in the subsequent direction, as to the manner of executing a capias, is anything said as to the time when it may be issued or made returnable; and except the provision that "all writs and process shall be dated on the day on which the same may issue," I do not find anything in the statute, at all relating to this case, I know of no reason why a capias should not be issuable at all times; but it is said that the statute provides that "it shall be the duty of the sheriff, etc., to return his writs of capias ad respondendum, at the time and place therein mentioned;" therefore a particular day must be mentioned.

A writ issued in vacation, and made returnable at the "next term" of the court, has a time for its return "mentioned therein," and why has not a writ issued in term time, and returnable, as this is, "to the court of common pleas now sitting"? All that the law seems to require, is a certain time for the return, and it appears that here is sufficient certainty; beside, I think the practice a convenient one.—Motion overruled.